# Court of Appeals
# of the State of Georgia

ATLANTA, May 27, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1786. CHRISTOPHER LEE DAY v. THE STATE.**

In 2013, in two separate cases, Christopher Lee Day pled guilty to child molestation, sexual battery against a child under 16, aggravated sexual battery, and kidnapping. In October 2025, Day filed a motion for leave to file an out of time appeal. The trial court dismissed that motion, and Day filed this direct appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), our Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1 (b). However, OCGA § 5-6-39.1 (b) does not apply to this case, as Day did not file his motion for an out-of-time motion for new trial within 100 days from the expiration of the time period for filing a motion for new trial, nor did he have his motion or appeal dismissed under *Cook*.

For the above reasons, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __05/27/2026_____

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*